**BLD-111 and BLD-112**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-4188 & 17-1058
_____

In re: KAI D. INGRAM,
                                            Petitioner

_____

On Petitions for Writs of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 1-12-cv-01900)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Kai Ingram has filed two petitions for writs of mandamus. For

the reasons set forth below, we will dismiss one petition and deny the other.

        In 2007, Ingram was convicted in the Luzerne County Court of Common Pleas of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

four counts of aggravated assault and sentenced to 12½ to 25 years' imprisonment. In 2012, he filed a petition under 28 U.S.C. § 2254 in the District Court. The District Court denied that petition, and we denied Ingram's request for a certificate of appealability. See C.A. No. 15-2155. Ingram filed a motion under Fed. R. Civ. P. 60(b) in February 2016, which the District Court denied.

On May 19, 2016, Ingram filed a second Rule 60(b) motion. On November 25, 2016, while that motion remained pending, Ingram filed a mandamus petition, asking this Court to direct the District Court to rule on the motion. That mandamus petition was docketed at C.A. No. 16-4188.

On November 28, 2016, the District Court denied the second Rule 60(b) motion. Ingram filed a notice of appeal as to that order. He also filed a second mandamus petition, which was docketed at C.A. No. 17-1058. In that mandamus petition, Ingram argued that the District Court had erred in denying his § 2254 petition and Rule 60(b) motions.

We will dismiss Ingram's first mandamus petition — the petition he filed in C.A. 16-4188 — as moot. In that petition, he requested an order requiring the District Court to rule on his second Rule 60(b) motion. The District Court has since denied that motion. Because Ingram has now obtained the relief he sought, his petition is moot. See, e.g., Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

In the mandamus petition that Ingram filed in C.A. No. 17-1058, he challenges the correctness of the District Court's various orders. However, mandamus relief is

2

unavailable because Ingram could obtain that relief through the normal appellate process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). Indeed, Ingram will be able to contest the denial of his second Rule 60(b) motion in the appeal currently pending at C.A. No. 17-1012.

Accordingly, we will dismiss as moot the mandamus petition in C.A. No. 16-4188 and deny the mandamus petition in C.A. No. 17-1058.